## THE CHICAGO TIMES COMPANY
### v.
### GEORGE H. BENEDICT.

*Negotiable Instruments—Note—Action on—Debt of Another.*

The taking of the note of a third person for the debt of another is
no payment unless it is expressly agreed that the note is to be taken in
payment.

[Opinion filed October 23, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon.
JULIUS S. GRINNELL, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for plaintiff in error.

Mr. James A. Fullenwider, for defendant in error.

Moran, P. J.   Plaintiff in error was indebted to defendant in error, Benedict, and on May 20, 1889, said Benedict called upon James J. West, then president of the Times Company, for payment of a bill which he presented for about $218. There was due to him in all at that date about $350.   West said that the company did not have the money to pay, and asked said Benedict if he could use his (West's) note, and Benedict said he could get it discounted.   West then gave Benedict his note for $400, which Benedict discounted and got the money on, and he continued to furnish engraving to the Times Company, as ordered, and to charge the work to the company.

When the West note became due it was not paid, and Benedict was compelled to take it up, which he did, and surrendered it to West.   Benedict then presented his bill to the Times Company for the whole amount which was due him on work furnished, but the company refused to pay the bill, claiming that the company had given West credit for the amount of the note which had been given to Benedict.

Benedict brought this action to collect his bill, and on the trial the foregoing facts appeared.   The jury found a verdict for amount of Benedict's claim, and the Times Company brings this writ of error.

It is well settled that taking the note of a third person for a pre-existing debt, is no payment unless it is expressly agreed that the note is to be taken in payment.   Wilhelm v. Schmidt, 84 Ill. 183.

The taking of West's note was certainly no discharge of the indebtedness of the Times Company to Benedict then existing, for it nowhere appears that Benedict agreed in terms to receive said note in payment thereof; but the contrary is the fair, if not the necessary, conclusion from the evidence of both West and Benedict.   As to the balance of amount for which the note was given, it clearly appears from the evidence that the work furnished to the Times, to the extent of that balance, was not furnished on the credit of that note, nor was

it the intention of the parties that the note was taken in payment thereof.   It was understood that Benedict should go on furnishing work to the Times Company for such balance, but as fast as he did so the company became indebted to him, and the legal result is the same as though West's note for the amount of each piece of work was received by Benedict at the time such piece of work was furnished.   The receipt of such note would not discharge such item of indebtedness, because the same rule applies in a contemporaneous indebtedness as does in a pre-existing indebtedness; the note will not discharge such debt unless it is so agreed.

The judgment is, we think, right on the merits.   There were some slight errors in giving instructions, but nothing which calls for a reversal of a judgment, when we are satisfied from the whole record that the just result has been reached.

The judgment will therefore be affirmed.

*Judgment affirmed.*